**Oscar ROJAS–GARCIA, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service; Robert S. Coleman, Jr., Respondents–Appellees.**

**No. 02–35788.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Filed July 29, 2003.

---

Robert Pauw and Marie Higuera, Gibbs Houston Pauw, Seattle, WA, for the petitioner.

John McKay, United States Attorney for the Western District of Washington, and Christopher L. Pickrell, Assistant United States Attorney, Seattle, WA, for the respondents.

Before O'SCANNLAIN, GOULD, Circuit Judges, and BOLTON,* District Judge.

* The Honorable Susan R. Bolton, District Judge for the District of Arizona, sitting by designation.

## OPINION

GOULD, Circuit Judge.

Appellant Oscar Rojas–Garcia is subject to a final order of deportation. Rojas–Garcia does not challenge deportability, but rather challenges the determination that he is inadmissible, and therefore ineligible for adjustment of status, under the Immigration and Naturalization Act (INA) § 212(a)(2)(C).[1] In this petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, Rojas–Garcia raises constitutional challenges to the Immigration Judge (IJ)'s denial of adjustment of status, to the Board of Immigration Appeals (BIA)'s refusal to accept his counsel's untimely brief on appeal, and to the BIA's denial of his motion to reconsider in light of his counsel's untimely filing of a brief on appeal more than three years after the deadline. We have jurisdiction, *INS v. St. Cyr*, 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and we affirm the district court's denial of the petition.

### I

Rojas–Garcia is a native and citizen of Mexico. The Immigration and Naturalization Service (INS) issued an Order to Show Cause on January 26, 1995, alleging Rojas–Garcia was deportable because he entered the United States without inspection and was convicted in Washington, after hunting game out of season, for being an alien in possession of a firearm in violation of R.C.W. 9.41.170. Through counsel, Rojas–Garcia conceded deportability at a hearing on May 17, 1995, but sought adjustment of status under INA § 245(i) (application for adjustment of status to Lawful Permanent Resident) based on his marriage to a U.S. citizen. Alternatively, Rojas–Garcia sought voluntary departure under former INA § 244(e). A hearing was set for May 1, 1996, to adjudicate whether Rojas–Garcia was entitled to relief.

The INS contested Rojas–Garcia's eligibility for adjustment of status. During the deportation proceedings, the INS learned that Rojas–Garcia was arrested on drug-related charges in Hermiston, Oregon on October 15, 1992. Rojas–Garcia allegedly had negotiated the purchase of five kilograms of cocaine.[2] The INS argued that this arrest rendered Rojas–Garcia ineligible for adjustment of status under section 212(a)(2)(C), 8 U.S.C. 1182(a)(2)(C), which declares inadmissible in part:

> Any alien who the consular officer or the Attorney General knows or has reason to believe … is or has been an illicit trafficker in any controlled substance or in any listed chemical … or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so.

Rojas–Garcia did not present any witness at the May 1, 1996, hearing. He rested his

---

1. Section 212(a)(2)(C) makes inadmissible in part:
   Any alien who the consular officer or the Attorney General knows or has reason to believe … is or has been an illicit trafficker in any controlled substance or in any listed chemical … or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so.
   8 U.S.C. 1182(a)(2)(C).

2. Rojas–Garcia was not convicted criminally as a result of that arrest because double jeopardy prevented criminal prosecution after some of Rojas–Garcia's property used in the drug transaction had been seized and forfeited by the State of Oregon following the arrest. The INS did not assert the narcotics arrest as an independent ground of deportability in the Order to Show Cause because Rojas–Garcia was not convicted.

case on the documents submitted with his application for adjustment of status. Rojas–Garcia did not take the stand when the INS called him as a witness; instead, he asserted his Fifth Amendment privilege against compulsory self-incrimination. The IJ warned Rojas–Garcia that his refusal to take the stand would permit an adverse factual inference to be taken against him.

The INS presented two witnesses: First, Border Patrol Agent Don Holguin testified that he met Rojas–Garcia during the course of a narcotics investigation in Oregon and negotiated to sell Rojas–Garcia five kilos of cocaine for $80,000 in October 1992. Holguin refreshed his memory with a police report written by Oregon State Police Detective Crutcher. Second, Detective Crutcher testified by telephone regarding Rojas–Garcia's involvement in the October 1992 drug negotiations. Crutcher testified that he listened to body wire conversations between Rojas–Garcia and an informant, viewed a video tape of a meeting with Rojas–Garcia to "flash" the drugs in a parking lot, personally took a kilo of cocaine from Rojas–Garcia, and was present when Rojas–Garcia was arrested. Crutcher relied on the police report that he wrote and independent recollection.

On May 13, 1996, the IJ denied Rojas–Garcia's application for adjustment of status, finding insufficient evidence to support Rojas–Garcia's assertion of marriage and admissibility. The IJ found Rojas–Garcia inadmissible under INA § 212(a)(2)(C), concluding there was reason for the INS to believe Rojas–Garcia was involved in illicit drug-trafficking. The IJ ordered Rojas–Garcia deported and denied him voluntary departure relief.

On May 23, 1996, Rojas–Garcia appealed the IJ's decision to the BIA, indicating in the Notice of Appeal that a brief would be filed setting out the claims in full. Rojas–Garcia's initial counsel was leaving her position at the Northwest Communities Education Center's Immigration Project during the appeal period. She was replaced by a new attorney who was to begin work for the same organization. Rojas–Garcia, through his initial counsel, asked the BIA for an extension of time to file his brief as a result of the intended substitution of counsel. The request was granted; the brief of Rojas–Garcia was due on September 16, 1996. Yet Rojas–Garcia did not file a brief on or before that date. The INS filed a "response" brief on September 18, 1996, but did not serve Rojas–Garcia or his counsel with a copy of the INS brief. Nearly three years later on July 30, 1999, the BIA summarily dismissed the appeal.[3]

On August 16, 1999, Rojas–Garcia filed a motion for reconsideration with the BIA, explaining his counsel's failure previously to file a brief. The BIA concluded that Rojas–Garcia's motion was an ineffective assistance of counsel claim but denied the motion because of its view that Rojas–Garcia did not meet the requirements for such a claim as set out in *Matter of Lozada,* 19 I. & N. Dec. 637(BIA), *aff'd,* 857 F.2d 10 (1st Cir.1988).

Rojas–Garcia appealed the BIA's decision to this court. In an unpublished disposition, we dismissed the petition without prejudice for lack of jurisdiction. *Rojas–Garcia v. INS,* 4 Fed. Appx. 368, 2001 WL 125853 (9th Cir.2001) (unpublished disposition). We noted, however, that Rojas–Garcia could bring a claim under 28 U.S.C. § 2241. *Id.* On June 25, 2001, Rojas–

---

3. Because Rojas–Garcia was placed in deportation proceedings prior to April 1, 1997, and the BIA issued its decision after October 31, 1996, this case is governed by the transitional rules. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

Garcia filed a habeas petition in the District Court for the Western District of Washington. The district court adopted the recommendation of the Magistrate Judge and denied the petition.[4] This appeal follows.

## II

Rojas–Garcia raises four arguments on appeal. He contends (1) that the BIA's summary dismissal of his appeal violated due process; (2) that INA § 212(a)(2)(C) is void for vagueness; (3) that the IJ denied Rojas–Garcia a fundamentally fair hearing by admitting hearsay evidence; and (4) that the ineffective assistance of his counsel denied him a fundamentally fair hearing.

The INS argues that when Rojas–Garcia failed to file a brief with the BIA, Rojas–Garcia waived his ability to raise these arguments by failing to exhaust his administrative remedies. We start by addressing the INS's waiver argument.

## A

■ Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ. INA § 242(d), 8 U.S.C. § 1252(d). *See also Liu v. Waters,* 55 F.3d 421, 424 (9th Cir.1995). Similarly, the petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal, such as ineffective assistance of counsel claims. *Liu* 55 F.3d at 425. "The exhaustion requirement avoids premature interference with the agency's processes and helps to compile a full judicial record." *Id.* at 424 (citation and internal quotations omitted).

. Here, Rojas–Garcia does not raise any arguments for the first time on appeal. In the "Notice of Appeal" filed with the BIA on May 23, 1996, Rojas–Garcia asserted in part that the IJ erred in admitting hearsay evidence and that INA § 212(a)(2)(C) was unconstitutionally vague. After the BIA dismissed Rojas–Garcia's appeal, Rojas–Garcia filed a motion for reconsideration on August 16, 1999, arguing that the BIA's summary dismissal of his appeal was improper and raising the ineffective assistance of counsel claim. *Cf. Liu,* 55 F.3d at 424 ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his claims."); *Arreaza–Cruz v. INS,* 39 F.3d 909, 912 (9th Cir. 1994) (refusing to hear ineffective assistance of counsel claim because petitioner had not filed a motion to reopen).

■ The BIA has been given an opportunity to review and adjudicate all of Rojas–Garcia's claims through either direct appeal or the motion for reconsideration. We therefore reject the government's argument that Rojas–Garcia waived his arguments through procedural default. We now turn to Rojas–Garcia's contentions.

## B

■ Rojas–Garcia first challenges the BIA's summary dismissal of his appeal. To avoid summary dismissal of an appeal filed with the BIA, a petitioner must state with sufficient specificity the ground for appeal. *See Casas–Chavez v. INS,* 300 F.3d 1088, 1089–90 (9th Cir.2002). *See also* 8 C.F.R. § 1003.1(d)(2)(i) (allowing the BIA to summarily dismiss appeals when the petitioner fails to specify reasons for appeal and fails to file a brief).[5] We have recognized that the BIA requires:

---

4. We review the district court's denial of a habeas petition de novo. *Angulo–Dominguez v. Ashcroft,* 290 F.3d 1147, 1149 (9th Cir. 2002).

5. 8 C.F.R. § 3.1(d)(2)(i) was redesignated as 8 C.F.R. § 1003.1(d)(2)(i).

[I]t should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

*Toquero v. INS,* 956 F.2d 193, 195 (9th Cir.1992) (quoting *Matter of Valencia,* 19 I. & N. Dec. 354, 355 (BIA 1986)). Rojas–Garcia, like any other petitioner, was required to satisfy the BIA's specificity standard.

The purpose of the BIA's strict specificity requirement is to ensure that the BIA is adequately apprised of the issues on appeal so that the BIA is not left to "search through the record and speculate on what possible errors the [petitioner] claims." *Matter of Valencia,* 19 I. & N. Dec. at 355. If the BIA was forced to decipher general statements of error, unsupported by specific factual or legal references, the BIA would have to spend time and resources reconstructing the proceedings before the IJ and building the petitioner's legal case, in some instances only to conclude that the appeal was utterly without merit. *See Matter of Holguin,* 13 I. & N. Dec 423, 424 (BIA 1969) (concluding that the specificity requirement allows the BIA to identify and deal promptly with frivolous appeals). But when the BIA receives ample specific advice about the reasons for an appeal, the BIA can deal promptly with appeals and focus resources on nonfrivolous appeals to reach a correct resolution.

A petitioner can either meet the BIA's notice requirement by specifying the grounds for appeal in the notice of appeal or by filing a separate brief. *Casas–Chavez,* 300 F.3d at 1090. In *Casas–Chavez,*

we concluded that the BIA's summary dismissal of the petitioner's appeal was inappropriate despite petitioner's failure to file a brief because the grounds of appeal were sufficiently detailed in the notice of appeal. 300 F.3d at 1091. The petitioner in *Casas–Chavez* "directed the BIA's attention to specific portions of the immigration judge's opinion as well as to evidence supporting[its] interpretation that the immigration judge erred." *Id.*

■ Because Rojas–Garcia did not file a brief with the BIA, the question is whether the notice of appeal stated the grounds for appeal with sufficient particularity so as to avoid summary dismissal. We conclude that it did not. Rojas–Garcia asserted the following grounds for reversal of the IJ's decision in his notice of appeal:

1. The Immigration Judge erred in allowing the Service to call witnesses and enter evidence in violation of the pre-hearing order regulating witnesses and admission of evidence.

2. The Immigration Judge erred in admitting inadmissible hearsay evidence and in allowing testimony that lacked foundation.

3. The Immigration Judge erred in holding that it was Respondent's burden to prove that he was not excludable under I.N.A. Section 212(a)(2)(C).

4. I.N.A. Section 212(a)(2)(C) violated the Due Process Clause of the U.S. Constitution as being void for vagueness and for other reasons.

Contrary to the BIA's requirement as stated in *Toquero,* and unlike the petitioner in *Casas–Chavez,* Rojas–Garcia did not indicate if his challenges were based on the IJ's interpretation of facts, and did not provide "supporting authority" on any question of law presented. The notice of

appeal does not articulate how the IJ allegedly violated the pre-trial order nor does it specify what evidence was erroneously admitted as hearsay. As for the legal issues raised, the notice of appeal merely states a legal conclusion without providing any "supporting authority." The BIA is left to reconstruct the IJ proceedings, infer factual error without knowledge of what precise error is complained of, and build the legal analysis from only general statements of legal conclusion. Because the cursory submission in Rojas–Garcia's notice of appeal did not "apprise the [BIA] of the particular basis for the alien's claim that the immigration judge [was] wrong," *Matter of Valencia,* 19 I. & N. Dec. 354 (BIA 1986), we reject Rojas–Garcia's argument that he stated grounds for appeal with sufficient particularity so as to avoid the summary dismissal.

■ In addition to asserting that the BIA erroneously dismissed his appeal for lack of specificity, Rojas–Garcia also asserts that the summary dismissal violated due process because he lacked notice that the appeal could be dismissed for failure to file a brief. On the front page of the "Notice of Appeal" form, the BIA warns that the appeal could be summarily dismissed "[i]f factual or legal basis for the appeal is not sufficiently described." The back side of the form elaborates reasons for summary dismissal but does not list the failure to file a brief as one of those reasons. By separate regulation, however, the BIA is permitted to dismiss an appeal summarily if the petitioner indicates an intent to file a brief and no brief is filed. 8 C.F.R. § 1003.1(d)(2)(i).[6] The notice of appeal form does not reference the regulation.

We have on other occasions held that the BIA's strict specificity requirement in combination with the BIA's summary dismissals without notice violates due process. *See Vargas–Garcia v. INS,* 287 F.3d 882, 886 (9th Cir.2002) (holding that combination of BIA's strict specificity requirement and summary dismissals without notice results in denial of due process when the petitioner has not indicated an intent to file a brief); *Castillo–Manzanarez v. INS,* 65 F.3d 793, 796 (9th Cir.1995) (holding petitioner's due process rights were violated even though petitioner indicated intent to file brief, failed to file brief, and BIA summarily dismissed appeal four years later).[7] We have not, however, considered whether the BIA's procedures violate due process in light of the regulation, 8 C.F.R. § 1003.1(d)(2)(i), that specifically permits the BIA to dismiss an appeal summarily when a petitioner fails to file a brief after indicating an intent to do so. *See Castillo–Manzanarez v. INS,* 65 F.3d at 796 n. 3; *Casas–Chavez,* 300 F.3d at 1090 n. 2.

---

6. Prior to the amendment effective January 13, 1994, 8 C.F.R. § 3.1(d) did not specify that an appeal could be summarily dismissed if the petitioner indicated an intent to file a brief and then failed to do so.

7. The facts in *Castillo–Manzanarez* are similar to those presented here: Rojas–Garcia indicated he would file a brief on the notice of appeal, and when he failed to do so, the INS dismissed the petition four years later. 65 F.3d at 794. We found a due process violation because the INS did not file a brief arguing for summary dismissal and petitioner was therefore not put on notice of the potential for summary dismissal of his appeal. *Id.* at 795–96. *Cf. Toquero v. INS,* 956 F.2d 193, 196–97 (9th Cir.1992) (concluding that there was no due process violation where counsel failed to file brief even after receiving copy of INS brief arguing for summary dismissal). Similarly, here the BIA waited three years before summarily dismissing Rojas–Garcia's appeal for failure to file a brief, and the INS did not bring a motion for summary dismissal during that time.

We need not and do not decide this issue now because whether a petitioner's due process rights have been violated by summary dismissal properly "does not turn solely on the propriety of BIA procedures. Rather, it involves an inquiry into the actions taken by [p]etitioner's counsel." *Toquero v. INS*, 956 F.2d at 196. Stated another way, it is not correct to assess whether Rojas–Garcia had adequate notice without at least considering the actions and expressed intentions of his counsel.

Here, the actions of Rojas–Garcia's counsel make absolutely clear that the failure of Rojas–Garcia to file a brief was not caused by the INS's failure to give Rojas–Garcia specific notice that his appeal could be summarily dismissed absent filing of a timely brief. Instead, the record makes clear that the failure to file a brief was due, plain and simple, to substitute counsel's admitted error and oversight in not filing a brief when one had been expressly intended by the initial counsel, who even obtained a time extension to permit such a filing. In their declarations, neither Rojas–Garcia's initial counsel nor his substituted counsel assert that the failure to file a brief was due to lack of notice of the potential for summary dismissal. They only explain that when substitute counsel replaced the initial counsel at the Northwest Communities Education Center's Immigration Project, the briefing schedule was mistakenly separated from the file. The initial counsel's explicit actions show that she was aware of the potential for procedural default, because she successfully moved for an extension to file the brief

with the BIA precisely to accommodate the timing of substitution of counsel. While it could be argued that the BIA's process might be improved by requiring an express and contemporaneous notice to petitioners before summarily dismissing appeals, we decline to find a due process violation in this case, because the failure of substitute counsel for Rojas–Garcia to file the planned brief was not caused by any deficiency in the BIA's notice of its requirements.

## C

■ Rojas–Garcia next argues that INA § 212(a)(2)(C) is void for vagueness.[8] Apart from the First Amendment context, where facial challenges may be permitted, as a general rule the necessary and proper focus of a void-for-vagueness challenge is "whether the statute is impermissibly vague *in the circumstances of this case*." *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir.2001) (emphasis added) (citation and quotation omitted). Stated differently, Rojas–Garcia's void-for-vagueness challenge must show that section 212(a)(2)(C) is impermissibly vague as applied to him. We consider whether the statute "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *United States v. Ayala*, 35 F.3d 423, 425 (9th Cir.1994) (citation and quotation omitted). A statute is void for vagueness if it "(1) does not define the conduct it prohibits with sufficient definitiveness and (2) does not establish minimal guidelines to

8. Both parties assume that Rojas–Garcia can properly raise a void-for-vagueness challenge to an exclusion provision. But, while the Supreme Court has allowed aliens to bring vagueness challenges to deportation statutes, *Jordan v. De George*, 341 U.S. 223, 231, 71 S.Ct. 703, 95 L.Ed. 886 (1951), an alien may not have the same right to challenge exclusion

provisions such as INA § 212(a)(2)(C). *See Beslic v. INS*, 265 F.3d 568, 571 (7th Cir. 2001) (stating "it is doubtful that an alien has a right to bring such a challenge to an admissibility statute.") Because we find his challenge without merit, we need not decide if Rojas–Garcia can raise a void-for-vagueness challenge.

govern law enforcement." *Id.* at 424–25 (citation and quotation omitted).

When we apply these principles to the statute at issue here, we conclude that Rojas–Garcia has no right to relief for vagueness. Section 212(a)(2)(C) permits a finding of inadmissibility when the Attorney General has "reason to believe" that the alien was involved in drug-trafficking. Perhaps there might be a case where the terms "reason to believe" or "an illicit trafficker in any controlled substance" would be vague as applied; for example, if there was evidence that a college student sold an ounce of marijuana to a roommate. In this case, however, according to the uncontested testimony of Agent Don Holguin and Detective Crutcher, Rojas–Garcia participated as "an illicit trafficker" in the "controlled substance" of cocaine under any reasonable interpretation. The unchallenged evidence made clear that Rojas–Garcia engaged in drug negotiations for the sale of five kilograms of cocaine, a quantity obviously indicating the role of a dealer or distributor. These negotiations were tape-recorded, videotaped, and at one point involved face-to-face contact with one of the testifying police officers. Rojas–Garcia did not present any evidence whatsoever to refute the testimony of the officers. Further, it is well-established that when Rojas–Garcia asserted his Fifth Amendment privilege against compulsory self-incrimination and declined to testify when the government called him as a witness, the IJ was entitled to draw adverse inferences against him. *United States v. Alderete–Deras,* 743 F.2d 645, 647 (9th Cir. 1984). Among the reasonable adverse inferences that could be drawn are: that Rojas–Garcia could not contradict the testimony of Crutcher, that he could not contradict the testimony of Holguin, and that he had been caught trafficking in large quantities of cocaine.

■ Given this undisputed testimony, we conclude that a "person of ordinary intelligence" would know that negotiating the purchase of five kilos of cocaine with undercover police officers gives the Attorney General "reason to believe" that the individual is involved in drug-trafficking.[9] Because Rojas–Garcia was on notice, his void-for-vagueness challenge fails.

**D**

■ Rojas–Garcia argues that he was denied a fair hearing in violation of the Fifth Amendment Due Process Clause because the IJ based her inadmissibility determination on hearsay evidence. Whether the IJ based her conclusions on hearsay, however, is immaterial; hearsay is admissible in immigration proceedings. *Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995). In fact, in immigration proceedings "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Id.* at 310. We follow the rule that when evidence is shown to be probative and fundamentally fair, a hearsay challenge to its admissibility will not be countenanced.

■ Here, the testimony of Agent Holguin and Detective Crutcher was probative and fair. Agent Holguin and Detective Crutcher testified about their personal knowledge of Rojas–Garcia during the course of an undercover drug operation. Rojas–Garcia had the opportunity to cross-examine both officers. *See id.* at 311 (noting that an alien must have a reasonable opportunity to cross-examine government

---

9. The fact that Rojas–Garcia was not convicted of drug-trafficking does not prevent the application of the exclusion. *Cf. Alarcon–*

*Serrano v. INS,* 220 F.3d 1116, 1119 (9th Cir.2000) (holding that no conviction is required for INA § 212(a)(2)(C) to apply).

witnesses). And, even though Agent Holguin refreshed his memory with a police report written by Detective Crutcher, Rojas–Garcia was able to confront Crutcher during cross examination. Moreover, the INS was not required to produce testimony from the confidential informant who participated in the drug negotiation and allegedly provided information to Detective Crutcher. Testimony by the confidential informant was not necessary to ensure a fundamentally fair hearing given that Crutcher personally monitored the conversations between the informant and Rojas–Garcia through body wires and, in one instance, videotape.

Despite Rojas–Garcia's assertions that he was denied a fair hearing, Rojas–Garcia does not cast doubt on the probative value or fairness of the evidence presented; he does not present any contrary evidence to the testimony of the officers or the police report. *See id.* at 310–11 (concluding there was no due process violation for admission of hearsay evidence when petitioner failed to cast doubt on the reliability of the evidence by presenting contrary evidence). Rojas–Garcia was not denied a fair hearing in violation of due process by the IJ's reliance on Holguin and Crutcher's testimony.

### E

■ We now address Rojas–Garcia's ineffective assistance of counsel claim. The constitutional basis for an ineffective assistance of counsel claim in the immigration context is the Fifth Amendment guarantee of due process. *See Liu v. Waters,* 55 F.3d 421, 425 n. 3 (9th Cir.1995). An alien's due process rights are violated when ineffective assistance of counsel rendered "the proceeding ... so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985).

■ Rojas–Garcia argues that his counsel deprived him of his due process rights to a fair hearing by failing to file a brief on appeal with the BIA, which caused the BIA summarily to dismiss Rojas–Garcia's appeal after a three-year delay. This ineffective assistance of counsel claim was properly raised in Rojas–Garcia's motion for reconsideration filed with the BIA. *See Liu,* 55 F.3d at 425–26. The BIA, however, denied the motion for reconsideration, concluding that Rojas–Garcia failed to comply with the procedural prerequisites to an ineffective assistance of counsel claim as set forth in *Matter of Lozada,* 19 I & N Dec. 637 (BIA 1988). *See also In re Assaad,* 23 I. & N. Dec. 553 (BIA 2003) (reaffirming the applicability of the *Lozada* requirements).

In *Lozada,* the BIA held that petitioners alleging ineffective assistance of counsel must: "(1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed, and if not, why." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1071–72 (9th Cir.2003). "*Lozada* is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." *Castillo–Perez v. INS,* 212 F.3d 518, 526 (9th Cir.2000).

We have approved of the *Lozada* requirements and held that "under ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where petitioner fails to meet the requirements of *Lozada.*" *Id.* at 525. We have, however, permitted an ineffective assistance of counsel claim to go forward when there is substantial compliance with *Lozada* such that the purpose

of *Lozada* is "fully served by other means." *Id.* at 526.

Rojas–Garcia satisfied the first *Lozada* requirement through statements made in the motion for reconsideration and accompanying declaration of counsel submitted to the BIA. The motion for reconsideration makes clear that filing a brief was within the scope of counsel's agreement to represent Rojas–Garcia and that failure to file a brief resulted from counsel's error as he transitioned into a new job and assumed responsibility for the departing counsel's workload. That the preparation and filing of a brief was part of the agreed services to be provided to Rojas–Garcia was entirely consistent with the record before the BIA. Not only did the notice of appeal indicate that a brief was forthcoming, but Rojas–Garcia's initial counsel requested an extension of time to file the brief, thus further confirming the sincere intent and obligation of counsel to do so.

The second requirement is also satisfied beyond doubt. It requires that petitioner alert former counsel of the ineffective assistance allegations, thus allowing counsel to explain or defend his or her actions. In adopting this requirement, the BIA assumed that an ineffective assistance of counsel claim will typically be asserted by someone other than the counsel who allegedly provided ineffective assistance. *Lozada*, 19 I & N Dec. at 639 ("former counsel must be informed of the allegations and allowed the opportunity to respond"). Here, there can be no question that the counsel who allegedly provided ineffective assistance had notice of his actions and had an opportunity to respond: The counsel who asserted ineffective assistance of counsel was challenging his own prior actions. Rojas–Garcia's substituted counsel failed to file the brief on direct appeal, resulting in summary dismissal; he then admitted to his own mistake in the motion for reconsideration and his accompanying declaration. The second *Lozada* requirement was fully satisfied.

Under the third *Lozada* requirement, the petitioner asserting ineffective assistance of counsel must indicate whether a bar complaint has been filed against the allegedly offending counsel. This requirement ensures a certain level of seriousness in the assertion of such charges and "highlights the standards which should be expected of attorneys who represent persons in immigration proceedings." *Lozada*, 19 I. & N. Dec at 639. Rojas–Garcia may technically have failed to meet the third requirement because, so far as the record submitted to us shows, he did not alert the BIA of any bar complaint in his motion for reconsideration. In his habeas petition, however, Rojas–Garcia submitted his former counsel's letter of self-report to the New York Disciplinary Committee. This self-reporting shows that Rojas–Garcia's former counsel regarded his delinquency as a serious breach of services promised to his client. Rojas–Garcia has succeeded in demonstrating the legitimacy of his claim and has substantially complied with *Lozada*.

In addition to Rojas–Garcia's substantial compliance with *Lozada*, the legitimacy of his claim is "plain on the face of the administrative record." *Melkonian*, 320 F.3d at 1072. The administrative record is unequivocal: Rojas–Garcia's appeal was summarily dismissed by the BIA because Rojas–Garcia's counsel did not file a brief despite representation to file a brief on the face of the notice of appeal. This failure to file a brief is plainly supportive of Rojas–Garcia's claim of ineffective assistance of counsel. *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir.2002) ("the record itself demonstrates the legitimacy of petitioners' ineffective assistance complaint— relieving them of the need technically to

comply with *Lozada*—since it is undisputed that petitioners' counsel failed timely to file their applications"); *Castillo–Perez*, 212 F.3d at 526 (the record served the *Lozada* functions because it was undisputed that counsel failed to file suspension of deportation applications for petitioners).

Because the face of the administrative record "demonstrates the legitimacy" of the Rojas–Garcia's ineffective assistance of counsel claim, and because Rojas–Garcia substantially complied with the *Lozada* requirements, under the precise facts of this case, we conclude that Rojas–Garcia's failure to completely satisfy *Lozada* through the affidavits submitted as part of the motion for reconsideration is not fatal to his claim.

*Lozada*, however, is only the preliminary step for making an ineffective assistance of counsel claim. For Rojas–Garcia to state a valid claim of ineffective assistance of counsel, he must show prejudice. *See Melkonian*, 320 F.3d at 1072. "Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Castillo–Perez*, 212 F.3d at 527 n. 12 (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999)). Prejudice is ordinarily presumed in immigration proceedings when counsel's error "deprives the alien of the appellate proceeding entirely." *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir.2000). *But see Lata*, 204 F.3d 1241, 1246 (9th Cir.2000) (noting that the court "will not simply presume prejudice"). In *Dearinger*, we recognized a valid ineffective assistance of counsel claim when the petitioner was deprived of an opportunity to appeal because of counsel's untimely filing of appeal. 232 F.3d at 1045.

Under *Dearinger*, Rojas–Garcia's counsel's failure to file a brief with the BIA, which resulted in summary dismissal, creates a presumption that Rojas–Garcia was prejudiced because his counsel's mistake deprived him of a direct appeal to the BIA. *Dearinger*, however, implicitly recognizes that this presumption is rebuttable. *Id.* at 1046. After holding that failure to file a timely petition created a presumption of prejudice, we then acknowledged that the alien must "show 'plausible grounds for relief.'" *Id.* (quoting *United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996)). In *Dearinger*, that element was satisfied. *Id.*

But this case is very different. Unlike in *Dearinger*, Rojas–Garcia cannot show that his admissibility arguments might have been successful on appeal to the BIA. Even though Rojas–Garcia had the burden of proving his admissibility, *Ahwazi v. INS*, 751 F.2d 1120 (9th Cir.1985), he did not call any witnesses, he refused to testify on his own behalf, and he did not challenge the undisputed and credible testimony of government witnesses with personal knowledge of his involvement in drug negotiations.[10] Thus, there is no basis on appeal to make factual challenges to the IJ's finding of inadmissibility. Moreover, as discussed above in sections II.C and II.D, Rojas–Garcia's legal challenges to the constitutionality of section 212(a)(2)(C) and to the IJ's admission of the alleged hearsay evidence are without merit. All the king's horses and all the king's men and the very best counsel in the world could not induce a contrary decision on this record on appeal to the BIA. Because Rojas–Garcia presents no "plausible grounds for relief" from inadmissibility, there was no prejudice from the ineffective assistance of counsel with regard to his status as inadmissible.

10. *See* discussion in sections II.C and II.D *supra.*

While we conclude that Rojas–Garcia was not prejudiced on the merits of his adjustment of status application, we must also consider whether Rojas–Garcia can show prejudice in the summary dismissal's effective denial of his request for voluntary departure relief under former INA § 244(e). Section 244(e) gave Rojas–Garcia the burden of establishing statutory eligibility for voluntary departure and of showing that he was entitled to a "favorable exercise of agency discretion." *United States v. Gutierrez–Alba*, 128 F.3d 1324, 1326 (9th Cir.1997). *See also* 8 U.S.C. 1254(e) (1995) (repealed in 1996) (the "alien shall establish" eligibility for relief). To show statutory eligibility, Rojas–Garcia had to establish at the time of application for voluntary departure that "he [was], and [had] been, a person of good moral character for at least five years immediately preceding his application for voluntary departure." 8 U.S.C. § 1254(e). *See also Gutierrez–Alba*, 128 F.3d at 1326. An alien could not establish "good moral character" if he was "a member of one or more of the classes of persons, whether excludable or not, described in . . . subparagraphs (A) and (B) of section 1182(a)(2) of this title and subparagraph (C) thereof . . . if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period." 8 U.S.C. § 1101(f) (1997). *See also Gutierrez–Alba*, 128 F.3d at 1326.[11] This definition specifically references the statutory provision rendering inadmissible an alien reasonably believed to be a drug-trafficker.

The IJ concluded that "[s]ince the Court finds that respondent is excludable, respondent is also not entitled to voluntary departure relief." In his motion for reconsideration filed with the BIA, however, Rojas–Garcia argued that the IJ's conclusion was erroneous because inadmissibility under § 212(a)(2)(C) does not render an alien ineligible for voluntary departure when there is no conviction. Rojas–Garcia is correct that the plain language of the "good moral character" definition could be read to require a conviction for drug-trafficking in order to per se bar an alien from establishing good moral character.[12] But even such a reading of the good moral character definition does not establish that Rojas–Garcia has been prejudiced by his ineffective assistance of counsel. To show prejudice, Rojas–Garcia must show that the BIA could plausibly have determined that he was of good moral character based on the record before it.

Rojas–Garcia offered no evidence to the IJ or the BIA to establish that he had good moral character in the five years preceding his application for voluntary departure. Similarly, he offers no such evidence on appeal to us. Not only has he utterly failed to meet his burden of proof affirmatively to establish good moral character, but also he has in no way challenged the evidence presented by the government as to his involvement in a negotiation of a drug sale of five kilos of cocaine, which, if true, refutes a claim for good moral character.[13] Moreover, the record indicates that the only reason why Rojas–Garcia was not convicted criminally as a result of

11. 8 U.S.C. § 1182(a)(2)(C) is the citation of INA § 212(a)(2)(C) in the United States Code.

12. Such a reading is not a foregone conclusion as applied to section 212(a)(2)(C) when that section does not itself require conviction in order to render an alien inadmissible. *See Alarcon–Serrano*, 220 F.3d at 1119 (holding

that no conviction in is required for INA § 212(a)(2)(C) to apply).

13. The drug negotiation took place in October 1992, within five years immediately preceding Rojas–Garcia's application for voluntary departure relief.

his arrest for drug-trafficking is because double jeopardy prevented criminal prosecution after some of Rojas–Garcia's property used in the drug transaction had been seized and forfeited by the State of Oregon following the arrest. Therefore, that Rojas–Garcia was not convicted for drug-trafficking does not negate any adverse inference to his moral character suggested by the government's evidence of his involvement in the drug negotiation.

Given the evidence presented by the government and Rojas–Garcia's complete failure to establish that he is of good moral character, it is in our opinion not plausible that the BIA would have reversed the IJ and granted Rojas–Garcia voluntary departure relief under former INA § 244(e). Because there were no "plausible grounds for relief" available to Rojas–Garcia at the time of his appeal to the BIA, we hold that Rojas–Garcia was not prejudiced as to voluntary departure relief by the ineffective assistance of his counsel.

The district court correctly denied all requested relief in this habeas corpus action.

**AFFIRMED.**