Hilda **HAKHVERDIAN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71833.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004 San Francisco, California.*

Decided Dec. 13, 2004.

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., Ari Nazarov, Esq.,

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**366**

U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Hilda Hakhverdian, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (BIA) denial of her application for asylum and withholding of removal.[1] We deny her petition and remand.

A petitioner seeking asylum must show that she is unwilling to return to her country of origin because of past persecution or a well-founded subjectively and objectively reasonable fear of future persecution on account of her race, religion, nationality, membership in a social group, or political opinion. *See Kebede v. Ashcroft,* 366 F.3d 808, 811 (9th Cir.2004); *Melkonian v. Ashcroft,* 320 F.3d 1061, 1064–65 (9th Cir. 2003); *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc).

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

While credibility determinations are judged by the same deferential substantial evidence standard, *see Kebede,* 366 F.3d at 810–11; *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *Cordon–Garcia,* 204 F.3d at 990; *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997), those determinations "'must be supported by a specific, cogent reason.'" *de Leon–Barrios,* 116 F.3d at 393 (citation omitted); *see also Gui,* 280 F.3d at 1225.

Here, the IJ's decision was the final agency determination. By pointing to a discrepancy that went to the heart of Hakhverdian's claims, the Immigration Judge provided a specific, cogent reason that was supported by substantial evidence of and had a legitimate nexus to the determination that Hakhverdian was not credible. *See Gui,* 280 F.3d at 1225; *de Leon–Barrios,* 116 F.3d at 393–94. A reasonable factfinder would not be compelled to find the contrary or to conclude that she had suffered past persecution or had a well-founded fear of future persecution, as required to sustain her asylum or withholding claims. *See Fisher,* 79 F.3d at 961–62;

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hakhverdian attempts now to raise a claim pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984), which she did not raise before the BIA. This court does not have jurisdiction to consider this claim because Hakhverdian did not raise this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir.2003); *Cordon–Garcia v. INS,* 204 F.3d 985, 988 (9th Cir.2000); *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

*Prasad v. INS,* 47 F.3d 336, 340 (9th Cir. 1995); *see also de Leon–Barrios,* 116 F.3d at 393; *Ghaly,* 58 F.3d at 1429.

Petition DENIED.