MEMORANDUM *
Petitioners seek review of the Board of Immigration Appeal’s (BIA) denial of their motion to reopen. Petitioners were put in deportation proceedings in 1996. They conceded deportability and applied for suspension of deportation and, in the alternative, voluntary departure. In 2001, an immigration judge held that the petitioners were not eligible for suspension of deportation and granted voluntary departure. Petitioners appealed to the BIA. The BIA summarily affirmed. Petitioners then sought to have the proceedings reopened with the BIA based on a Fifth Amendment due process claim of ineffective assistance of counsel. The BIA denied the motion to reopen. Petitioners petition for review.
We have jurisdiction to review the petitioners’ due process challenge. See REAL ID Act of 2005, 8 U.S.C. § 1252; Sotelo v. Gonzales, 430 F.3d 968, 970 (9th Cir.2005). In order to grant the relief requested by the petitioners’ claim of ineffective assistance of counsel we must find both deficient performance by the petitioners’ counsel and prejudice. Rojas-Garcia v. Ashcroft, 339 F.3d 814, 826 (9th Cir.2003).
Even if we were to hold that counsel provided deficient performance, see Escobar-Grijalva v. INS, 206 F.3d 1331, 1335 (9th Cir.2000), we deny the petition because petitioners are unable to show prejudice. See Rojas-Garcia, 339 F.3d at 827 (holding that, to show prejudice petitioners must “show that the BIA could plausibly have determined that” they met the eligibility requirements of suspension of deportation). The evidence presented in petitioners’ motion to reopen does not support a finding that petitioners had been present in the United States for seven years, nor does it support a finding that an “extreme hardship” would result from their deportation. See 8 U.S.C. § 1254 (repealed 1996). PETITION DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.