■ The petitioners contend that the IJ denied them due process by receiving an offer of proof rather than allowing their United States citizen son to testify regarding hardship. They argue that the IJ prevented their attorney from developing their case because the son could have testified about how his parents' removal would affect him and about his heart murmur and its effect on his activities. As respondent notes, however, the petitioners could have included this information in the offer of proof. Accordingly, they have not established prejudice. *See id.*

The petitioners contend that they were deprived of due process because the IJ was biased and relied on improper speculation and personal opinion in her consideration of their son's medical condition. We disagree with this characterization of the

record. *Cf. Reyes–Melendez v. INS*, 342 F.3d 1001, 1006–08 (9th Cir.2003) (holding that IJ violated due process by abandoning role as neutral fact-finder).

Finally, the petitioners contend that the BIA denied them due process by failing to consider their arguments and evidence. This contention lacks merit because the BIA's decision shows that it considered and rejected the petitioners' arguments.

**PETITION FOR REVIEW DENIED.**

**Jose Luis MIRANDA–TRUJILLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77088.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 8, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Jose Luis Miranda–Trujillo, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We review the denial of a motion to reopen for abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), and we deny the petition for review.

The BIA correctly determined that Miranda–Trujillo did not meet the requirements for asserting an ineffective assistance of counsel claim set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 824 (9th Cir.2003) (for the BIA to grant a motion to reopen based on ineffective assistance of counsel, petitioner must: (1) provide an affidavit describing agreement with counsel in detail; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities and if not, why not). Here, the record does not include evidence of a bar complaint or an explanation of its absence, and Miranda–Trujillo's declaration does not describe the agreement with his prior counsel. *C.f. Rojas–Garcia,* 339 F.3d at 825.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

