**Leah SANCHEZ–BELTRAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71920.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Marc J. Wigul, Esq., Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., Shelley R. Goad, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Leah Sanchez–Beltran, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's decision denying her application under 8 U.S.C. § 1186a(c)(4)(B) for a waiver of the requirement to file a joint petition with her former husband to remove the conditional basis of her permanent resident status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's order denying the waiver, *Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1147 (9th Cir.2005), and we deny the petition for review.

■ The BIA's adverse credibility finding is supported by substantial evidence because it is based on inconsistencies between two documents and the testimony of Sanchez–Beltran and her brother-in-law concerning whether she co-habitated with her former husband, and Sanchez–Beltran's explanation regarding the signature on one of the documents is undermined by the forensic expert's testimony. *See id.* at 1148.

■ In the absence of credible testimony, the evidence does not compel a finding that Sanchez–Beltran proved the marriage was entered into in good faith. Sanchez–Beltran provided limited documentation to

show co-mingling of funds and failed to provide evidence of co-habitation. *See id.*

■ The IJ and BIA did not err in admitting and considering the impeachment evidence because the evidence is probative and its admission for impeachment purposes was fundamentally fair. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 823–24 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

