MEMORANDUM **
Lorena Salazar (“Salazar”) appeals the Board of Immigration Appeals’ (“BIA”) denial of her application for special rule cancellation as a battered spouse under 8 U.S.C. § 1229b(b)(2), and denial of her motion to reopen for ineffective assistance of counsel. Because the parties are familiar with the facts and procedural history, we will not recount it here.
I
Substantial evidence supports the BIA’s dismissal of Salazar’s appeal of the immigration judge’s (“IJ”) decision denying her application for cancellation of removal. The government presented substantial evidence of marriage fraud, and Salazar did not present sufficient evidence to rebut that claim. A reasonable adjudicator would not have been compelled to find that Salazar’s first marriage was legitimate. On petition for review to this Court, Salazar does not contest the merits of the BIA decision, but only argues that her attorney was ineffective. Therefore, we must deny her petition for review.
II
The BIA did not abuse its discretion in denying Salazar’s motion to reopen. The BIA denied the motion to reopen on the basis that Salazar did not demonstrate prejudice. See Iturribarria v. INS, 321 F.3d 889, 899-900 (9th Cir.2003) (describing elements of ineffective assistance of counsel claim, including requirement of showing prejudice). The BIA noted that the IJ had determined in the first proceeding that even if Salazar had demonstrated a valid marriage, she failed to demonstrate that she was subjected to extreme cruelty by her former spouse and therefore ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(2). Thus, Salazar has not shown any “plausible grounds for relief.” See Rojas-Garcia v. Ashcroft, 339 F.3d 814, 828 (9th Cir.2003). Substantial evidence in the record supports this conclusion. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.
PETITIONS FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.