**Maria Magdalena SANCHEZ NAVARRO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 07–71146, 07–73757.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Andrew Knapp, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Benjamin J. Zeitlin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Maria Magdalena Sanchez Navarro, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an immigration judge's decision denying her application for cancellation of removal and its order denying her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, *Landin–Zavala v. Gonzales,* 488 F.3d 1150, 1151 (9th Cir.2007), for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petitions for review.

■ Substantial evidence supports the agency's determination that Sanchez Navarro did not meet the continuous physical presence requirement where the record indicates that Sanchez Navarro was placed in exclusion proceedings in 1994 and ordered excluded. *See Landin–Zavala,* 488 F.3d at 1153 (order of exclusion terminates the accrual of physical presence); *see also Juarez–Ramos v. Gonzales,* 485 F.3d 509, 512 (9th Cir.2007) (expedited removal order sufficient to interrupt an alien's continuous physical presence).

■ The BIA did not abuse its discretion in denying Sanchez Navarro's motion to reopen where Sanchez Navarro failed to establish that ineffective assistance of counsel may have affected the outcome of her case. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice). It follows that the denial of Sanchez Navarro's motion to reopen did not violate due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sanchez Navarro's remaining contentions are unavailing.

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.