**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN HERNANDEZ REA,

  Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 08-74794

Agency No. A075-758-748

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2013
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and TIMLIN, Senior District
Judge.[**]

  Petitioner Juan Hernandez Rea petitions for review of the Board of

Immigration Appeals' decision denying his application for cancellation of removal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert J. Timlin, Senior District Judge for the U.S.
District Court for the Central District of California, sitting by designation.

and its decision denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Petitioner challenges the IJ's and BIA's conclusions that he does not qualify as a "person of good moral character" as required for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(B). Petitioner does not dispute that he made misrepresentations regarding his address on the three occasions that both the IJ and the BIA identified; rather, he claims that the misrepresentations do not meet the standard set forth in 8 U.S.C. § 1101(f)(6). Section 1101(f)(6) mandates that "[n]o person shall be . . . found to be[] a person of good moral character who . . . has given false testimony for the purpose of obtaining any [immigration] benefits." Here, substantial evidence supports the IJ's and the BIA's determinations that all three of petitioner's misrepresentations were "oral statements made under oath," and were "made with the subjective intent of obtaining immigration benefits." *Kungys v. United States*, 485 U.S. 759, 780 (1988); *see also Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) (holding that statements made in an asylum examination constitute testimony under § 1101(f)(6)). Petitioner admitted that he misrepresented his address because he believed it would help him to obtain work authorization. Petitioner's motion to transfer venue does not rebut his stated intent

2

since "later honesty . . . does not remove [a petitioner] from the ambit of the statute." *Ramos*, 246 F.3d at 1266.

Petitioner argues that the BIA abused its discretion in denying his motion to reopen because his attorney's actions amounted to ineffective assistance of counsel and the BIA erred in concluding that these actions were not prejudicial. Even assuming that the actions of petitioners' attorney constituted ineffective assistance of counsel, they were not prejudicial. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824, 826 (9th Cir. 2003); *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003). Petitioner's ineligibility for cancellation of removal stemmed from his own false statements, and the record indicates that by the time petitioner retained his attorney, petitioner had already given false testimony under oath during his asylum examination. This incident alone was sufficient under § 1101(f)(6) for the BIA to conclude that petitioner lacked good moral character. *Kungys*, 485 U.S. at 779. Thus, the actions of petitioner's attorney did not affect the outcome of the case. *Rojas-Garcia*, 339 F.3d at 826.

DENIED.