**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RODELMIRO JESUS ESTRADA-CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72668<br><br>Agency No. A095-723-433<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013**

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Rodelmiro Jesus Estrada-Castillo, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reconsider and to reopen removal proceedings based on ineffective

assistance of counsel.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of motions to reopen and reconsider, and review de novo claims of due process violations. *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Construed as a motion to reconsider, the BIA was within its discretion in denying Estrada-Castillo's motion where the motion failed to identify any error of fact or law in the BIA's prior decision denying reopening. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc) (purpose of a motion to reconsider is not to raise new facts, but rather to demonstrate that the immigration judge or the BIA erred as a matter of law or fact). It follows that Estrada-Castillo's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Construed as a motion to reopen, the BIA did not abuse its discretion in denying the motion because Estrada-Castillo failed to establish prejudice. *See Rojas-Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DENIED.**

11-72668