

FILED

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINO MURILLO-AVENDANO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-72819 Agency No. A035-033-777 MEMORANDUM* |
| LINO MURILLO-AVENDANO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 13-70806 Agency No. A035-033-777 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2015[**]
Pasadena California

Before: GOULD and TALLMAN, Circuit Judges, and KORMAN, Senior District Judge.[***]

Petitioner appeals two decisions from the Board of Immigration Appeals (BIA), dated September 7, 2011 and February 5, 2013. The decisions denied four motions filed by petitioner—two motions to reopen petitioner's 1999 removal proceeding, and two motions to reissue a prior BIA decision dated November 8, 2010. Both motions to reopen were number-barred because petitioner had previously filed a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A). The two motions to reopen were also time-barred because petitioner filed them approximately a decade after his initial order of removal became final. *See* 8 U.S.C. § 1229a(c)(7)(C).

After we dismissed petitioner's initial appeal from the November 8, 2010 decision (because it was eight days late), Order, No. 10-73846 (9th Cir. April 20, 2011), petitioner made the motions to reissue referred to above, arguing that his

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

failure to file a timely appeal was due to the ineffective assistance of counsel. While this "created a presumption that [petitioner] was prejudiced because his counsel's mistake deprived him of a[n] [] appeal," this presumption is not conclusive. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 827 (9th Cir. 2003) (referencing *Dearinger ex rel. v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000)). Instead, it may be rebutted by a showing that petitioner alleged "no plausible grounds for relief." *Id.* at 827. We are satisfied that there are no plausible grounds that would have entitled petitioner to relief on appeal from the BIA's November 8, 2010 decision.

**AFFIRMED.**