**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN JIMENEZ DIEGES, | No. 20-72959 |
| Petitioner, | Agency No. A208-308-205 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Adrian Jimenez Dieges, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Jimenez Dieges's declaration and testimony as to details of the alleged gas station robbery, specifically, whether the robbers had a weapon with bullets, whether Jimenez Dieges arrived with cash, and what the robbers demanded from him. *See Shrestha*, 590 F.3d. at 1048 (concluding adverse credibility determination reasonable under "the totality of circumstances"). Jimenez Dieges's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Jimenez Dieges did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (concluding applicant's documentary evidence was insufficient to rehabilitate his testimony). Thus, in the absence of credible testimony, in this case, Jimenez Dieges's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of CAT relief because, even if credible, Jimenez Dieges failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not err in denying Jimenez Dieges's ineffective assistance of counsel claim where Jimenez Dieges failed to establish prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) ("For [petitioner] to state a valid claim of ineffective assistance of counsel, he must show prejudice."). Jimenez Dieges's contentions that his right to due process was otherwise violated also fail. *See Lata*, 204 F.3d at 1246 (requiring prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**