Juana Solis MUNOZ; Juan Eduardo Mendoza Munoz; Miguel Servando Mendoza Munoz; Brenda Adriana Mendoza Munoz, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71685.

Agency Nos. A75–525–404, A75–525–405, A75–525–406, A75–525–407.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Juana Solis Munoz, pro se, Juan Eduardo Mendoza Munoz, pro se, Miguel Servando Mendoza Munoz, pro se, Brenda Adriana Mendoza Munoz, pro se, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration and Naturalization Service, Los Angeles, CA, Mark C. Walters, Esq., Margaret Taylor, U.S. Department of Justice, Washington, DC, for Respondent.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Lead petitioner Juana Solis Munoz, a native and citizen of Mexico, and her three Mexican citizen children, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for cancellation of removal. We dismiss the petition for review.

Munoz challenges on due process grounds the "omission of evidence" related to the IJ's finding that no "exceptional and extremely unusual hardship" would result for one of Munoz's American citizen children if Munoz is removed. Munoz did not raise her procedural due process claim before the BIA, and the contention thus fails for lack of exhaustion. *See Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002) ("[W]e may not entertain due process claims based on correctable procedural errors unless the alien raised them below.").

Munoz concedes that she did not raise her Legal Immigration and Family Equity Act issue before the BIA or IJ. We therefore cannot review it. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir. 2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ. INA § 242(d), 8 U.S.C. § 1252(d).").

PETITION FOR REVIEW DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

