Juan LEMUS–ESQUIVEL; Evangelina Chavez–Lopez, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70575.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Juan Lemus–Esquivel, Los Angeles, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Stephen J. Flynn, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Juan Lemus–Esquivel and his wife, Evangelina Chavez–Lopez ("Petitioners"), natives and citizens of Mexico, petition pro

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

se for review of the Board of Immigration Appeals' ("BIA") summary dismissal under 8 C.F.R. § 3000.1(d)(2)(i) of their appeal from an immigration judge's decision denying their application for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's summary dismissal for failure to file a brief to determine whether it was appropriate. *Vargas–Garcia v. INS,* 287 F.3d 882, 884 (9th Cir.2002). We deny the petition.

Petitioners filed a Notice of Appeal (Form EOIR—26) with the BIA indicating their intent to file a brief, then failed to file a brief. Summary dismissal was appropriate because Petitioners' Notice of Appeal did not sufficiently specify their grounds for appeal. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 820–21 (9th Cir.2003); *see also* 8 C.F.R. § 3000.1(d)(2)(i).

Petitioners' contention that the Illegal Immigration Reform and Immigrant Responsibility Act and the Nicaraguan Adjustment and Central American Relief Act violate equal protection is foreclosed by *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002), which held that in order to demonstrate an equal protection violation, a petitioner must show that a classification is wholly irrational.

Contrary to Petitioners' contention, the BIA's failure to articulate reasons for its decision does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Petitioners' remaining contentions also lack merit.

**PETITION FOR REVIEW DENIED.**