**Flor Alejandra CHAB ALVARADO; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70336.

Agency Nos. A75–482–400, A74–803–012.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Marc A. Karlin, Esq., Louis A. Gordon, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Lyle D. Jentzer, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Flor Alejandra Chab Alvarado and her minor son Alejandro Ruiz Chab, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The BIA did not abuse its discretion in concluding that the Petitioners' motion to reopen was untimely and that equitable tolling did not apply. The February 1999 briefing schedule was mailed to Petitioners' counsel of record, Daniel T. Huang, at Huang's address provided to the Immigration Court. Petitioners concede that Huang did not change his address until January 2001, approximately two years after the February 1999 briefing schedule was mailed to him. *See id.* at 897 (equitable tolling applicable where "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error."). Petitioners' due process contention is similarly without merit.

Petitioners contend that counsel Huang's failure to file an appeal brief constitutes ineffective assistance of counsel. This contention fails because Petitioners have not presented any "plausible grounds" that they are entitled to cancellation of removal. They have not challenged the immigration judge's conclusions that Petitioners failed to establish the requisite physical presence in the United States or exceptional and extremely unusual hardship to the lead petitioner's minor United States citizen daughter. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003). Thus, Petitioners failed to demonstrate the requisite prejudice, and the ineffective assistance of counsel claim fails. *See id.*

PETITION FOR REVIEW DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.