Jose Manuel PINEIRO;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71510.

Agency Nos. A75–480–640, A75–480–641.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Jose Manuel Pineiro, Reseda, CA, pro se.

Patricia Silvia Lico, Reseda, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Michael T. Dougherty, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

#### MEMORANDUM**

Jose Manuel Pineiro and his wife, Patricia Silvia Lico, natives and citizens of Argentina, petition pro se for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of an immigration judge's denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

■ The record does not compel the conclusion that Pineiro established past persecution or a well-founded fear of future persecution on account of political opinion. Pineiro testified that on three occasions in the 1970's he was detained by military police, and on one of these occasions he was beaten because he was participating in a student demonstration against his high school. But Pineiro did not leave Argentina until 1990 and did not present any evidence of persecution in the intervening years. These "isolated incident[s], therefore, cannot alone support a contention of persecution." *See id.* at 1245 (citing *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995)).

■ Similarly, the record does not compel the conclusion that Lico established past persecution or a well-founded fear of future persecution on account of her political opinion because she did not present any evidence that she was personally harmed or threatened. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003). Moreover, Lico failed to show that the

beating suffered by her boyfriend and any harm suffered by other friends was linked to her. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (holding that, to establish a basis for asylum, violence against a petitioner's friends or family must "create a pattern of persecution closely tied to the petitioner").

■ Finally, we reject petitioners' contention that they received ineffective assistance of counsel. Because they lack any plausible grounds for asylum, they have not shown that they were prejudiced by their attorney's failure to attend the removal hearing. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (explaining that to demonstrate prejudice from counsel's deficient performance, alien must show plausible grounds for relief).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

