Miguel NAVARRO–OROZCO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 04–70495, 04–75024.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2005.*

Decided Nov. 14, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Ayala, Esq., Cobos & Ayala, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Margaret Perry, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions Miguel Navarro–Orozco, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") orders denying his second motion to reopen deportation proceedings and motion to reconsider the denial of his second motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review for abuse of discretion the denial of both a motion to reopen and a motion to reconsider, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by*, 404 F.3d 1105 (2005), and review de novo claims of ineffective assistance of counsel. *See Volkova v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir. 2000). We grant the petition for review of the denial of Navarro's motion to reopen and remand for further proceedings.

Navarro's prior counsel failed to (1) notify Navarro of the BIA's order denying his claim for suspension of deportation; (2) notify him of the 30–day voluntary departure period; and (3) timely file a motion to reopen within 90 days of the final BIA decision. These failures constitute ineffective assistance of counsel. *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002) (recognizing counsel was ineffective when the attorney, during the pendency of deportation proceedings, inexplicably failed to file a timely application for relief); *Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000) (same); *Iturribarria v. INS*, 321 F.3d 889, 900–01 (9th Cir.2003) (same); *Volkova*, 232 F.3d at 1045 (9th Cir.2000) (finding counsel ineffective when Ninth Circuit appeal filed one day late).[1]

At a minimum, Navarro was prejudiced by prior counsel's failure to notify him of the BIA's voluntary departure order and untimely filing of the motion to reopen because counsel's errors caused Navarro to lose his voluntary departure status. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 827 (9th Cir.2003).

Therefore, the petition for review of the BIA's denial of Navarro's motion to reopen is GRANTED and the case REMANDED to the BIA to reissue its order granting voluntary departure. The petition for review of the BIA's denial of Navarro's motion to reconsider is DENIED as moot.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA assumed that Navarro met the procedural requirements of *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988). Therefore, we need not consider Navarro's compliance with *Lozada*.