Ramon FLORES ARROYO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75219.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Ramon Flores–Arroyo, Port Hueneme, CA, pro se.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney General, Jennifer Paisner, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Ramon Flores Arroyo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings, in which he alleged ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition for review in part, deny it in part, and remand for further proceedings.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The BIA concluded that Flores Arroyo failed "to show prejudice resulting from his representative's alleged actions" because he admits to lacking a qualifying relative for cancellation of removal. The BIA did not consider, however, Flores–Arroyo's contention that the alleged ineffectiveness deprived him of an opportunity to make use of the voluntary departure period he was granted.

Contrary to the government's contention, Flores Arroyo's motion to reopen adequately exhausted this claim by specifying in his discussion of prejudice that "even if [he] will lose on merits as to his appeal to BIA, he will have the relief of voluntary departure." We therefore remand for reconsideration of Flores Arroyo's motion to reopen. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004).

We deny that aspect of the petition for review alleging prejudice from Flores Arroyo's inability to file a petition for review of the BIA's decision on his direct appeal. His unelaborated claim that "constitutional issues" would have been raised in this court does not establish prejudice. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**