**Ramon Garcia MENDOZA; Juana Solis Pallares; Alam Jesus Garcia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75124.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Gary Finn, Esq., Law Offices of Gary Finn, Indio, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Michelle G. Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Ramon Garcia Mendoza, Juana Solis Pallares, and Alam Jesus Garcia petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

Reviewing "whether substantial evidence supports a finding by clear and convincing evidence" that the petitioners are removable, *Nakamoto v. Ashcroft,* 363 F.3d 874, 882 (9th Cir.2004), we conclude that the BIA's decision is supported by substantial record evidence. We reject the contention that the IJ's inquiry into whether the petitioners had "proof that they are citizens of the United States" shifted the burden of demonstrating alienage away from the government. All three petitioners' Mexican birth certificates were referred to by the IJ during the October 31, 2001 hearing on removability. Counsel was served with the birth certificates at the hearing, had an opportunity to review them, and stated no objection then or afterward. The record therefore does not compel the conclusion that the government failed to demonstrate the petitioners' alienage by clear and convincing evidence.

Moreover, the petitioners have not contended either that the birth certificates are defective or that they are not aliens. They have therefore failed to show the prejudice required for relief based on a claimed due process violation. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

