Ramon MENDOZA–SANCHEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74954.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 25, 2007.

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Hollywood, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Caroline E. Laise, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

R.App. P. 34(a)(2).

**580**

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Ramon Mendoza–Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and grant in part the petition for review, and remand on the issue of voluntary departure.

We agree with the BIA's conclusion that the performance by prior counsel did not result in prejudice to Mendoza–Sanchez, and thus his claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla*, we are not sure if petitioner can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand to allow the BIA to determine that question.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**