**Kulwant SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74399.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Sept. 6, 2007.

---

the circumstances of the particular case" when determining the percentage of the fund awarded as a contingent fee).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Anthony W. Norwood, Esq., Margot L. Nadel, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Kulwant Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") order denying his motion to reopen deportation proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we grant the petition for review and remand.

The BIA denied Singh's motion to reopen alleging ineffective assistance of counsel primarily because Singh failed to comply with one of the procedural requirements contained in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). However, where the record demonstrates a clear and obvious case of ineffective assistance, full compliance with *Lozada* may be excused. *See Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). Singh's most compelling claim to ineffective assistance of counsel is his former attorney's failure to file a separate brief to the BIA on appeal. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 825–26 (9th Cir.2003) (failure to file a brief is plainly supportive of a claim of ineffective assistance of counsel). Because Singh was unaware of his former attorney's failure to file a separate brief to the BIA until he petitioned for review to this court and received a full administrative record, he was unable to raise this claim to the BIA. Accordingly, we remand for the BIA to reconsider Singh's ineffective assistance of counsel claim in light of his former attorney's failure to file a brief and to consider

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether the ninety day deadline should have been equitably tolled. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

WALLACE, Circuit Judge, dissenting.

Because petitioner did not comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), we have no information from Ahluwalia as to why the brief was not filed. Therefore, I would deny the petition.