**Nestor VASQUEZ; Maria Ermides Vasquez, Petitioners,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–75833.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.**

Filed Nov. 27, 2007.

Haitham E. Ballout, Esq., Law Offices of Haitham E. Ballout, Burlingame, CA, for Petitioners.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, John R. Cunningham, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Nestor Vasquez and his wife, Maria Ermides Vasquez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and questions of law, including claims of due process violations due to ineffective assistance, de novo. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

We agree with the BIA's conclusion that former counsel's performance with regard to the asylum application did not result in prejudice to Petitioners, and thus their claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice). To the extent the BIA required that Petitioners failed to meet the regulatory requirements for motions to reopen to reapply for asylum, it did not abuse its discretion. *See* 8 C.F.R.

§ 1003.2(c) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.")

The BIA also correctly concluded that counsel's performance did not prejudice Petitioners' applications for cancellation of removal. *See Rojas–Garcia,* 339 F.3d at 826. As the hardship determination is dispositive, we do not address Petitioners' contentions regarding the Immigration Judge's ("IJ") good moral character determination.

We lack jurisdiction to consider Petitioners' contentions regarding additional incidents of ineffective assistance because they were not raised before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

Petitioners contend the IJ violated due process by permitting the government to introduce country conditions evidence at the hearing. Contrary to Petitioners' contention, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Petitioners failed to demonstrate that additional testimony may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.