**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIU ZHEN CHEN, | No. 07-72030 |
| Petitioner, | Agency No. A079-419-651 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010**

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Xiu Zhen Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

LR/Research

denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying as untimely Chen's motion to reopen because it was filed more than 90 days after the BIA's final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Chen did not show she was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing a motion to reopen can be equitably tolled where a petitioner acts with due diligence).

We lack jurisdiction to review the agency's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We lack jurisdiction to review Chen's ineffective assistance of counsel claim against current counsel because she failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) .

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**