**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JASPAL SINGH; et al., | No. 07-70851 |
| Petitioners, | Agency Nos. A077-819-214 |
| | A077-819-215 |
| v. | A077-819-216 |
| | A077-819-217 |
| ERIC H. HOLDER Jr., Attorney General, | A077-819-218 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jaspal Singh and his family, natives and citizens of India, petition for review

of the Board Immigration Appeals' ("BIA") order denying both their motion to

reopen based on ineffective assistance of counsel and their motion to remand. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denial of a motion to remand, *Rodriguez v. INS*, 841 F.2d 865, 867 (1987), and the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo ineffective assistance of counsel claims. *See id.* at 791-92. We deny the petition for review.

Singh contends the BIA erred in denying his motion to reopen because his former counsel's failure to include further medical documentation and experts to substantiate his inability to testify in court based on his mental illness, to file a change of venue, and to interview additional witness and call them to testify. The BIA did not abuse its discretion in denying Singh's motion to reopen because he failed to establish that his former counsel's performance was ineffective, *see Mohammed*, 400 F.3d at 793, or that it resulted in prejudice, *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice).

In addition, the BIA did not abuse its discretion in denying as untimely Singh's motion to remand based on evidence to bolster his Convention Against Torture claim, because the evidence he submitted was not material and was available at the time of his merits hearing. *See Rodriquez*, 841 F.2d at 867 ("Motions to reopen [and remand] in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and

was not available and could not have been discovered or presented at the former hearing.").

Singh's request for judicial notice is granted.

**PETITION FOR REVIEW DENIED.**