**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERTHA ZAMORA AGUIRRE, | No. 10-70681 |
| Petitioner, | Agency No. A075-772-026 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Bertha Zamora Aguirre petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing her appeal from an immigration judge's order

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

substantial evidence the agency's findings of fact, and review de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law and due process claims. *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's determination that the government demonstrated Zamora Aguirre's alienage by clear and convincing evidence, where the record contains her husband's asylum application and an attached birth certificate indicating that Zamora Aguirre was born in Mexico. *See* 8 C.F.R. § 208.3(c)(1) ("information provided in the [asylum] application may be used . . . to satisfy any burden of proof in . . . removal proceedings"); *Ayala-Villanueva v. Holder*, 572 F.3d 736, 738 n.3 (9th Cir. 2009) ("[e]vidence of foreign birth gives rise to a rebuttable presumption of alienage").

Contrary to Zamora Aguirre's contention, the agency properly admitted and relied on the asylum application. *See* 8 C.F.R. § 208.3(c)(3) ("If the Service has not mailed the incomplete application back to the applicant within 30 days, it shall be deemed complete."); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) (evidence is admissible in immigration proceedings when it is "probative and its admission is fundamentally fair").

Zamora Aguirre's right to invoke the Fifth Amendment was not violated because she did not testify regarding her alienage. *See U.S. v. Blackman*, 72 F.3d

2

1418, 1426 (9th Cir. 1995) ("The privilege against self-incrimination is personal, and applies only to compulsion of the individual holding the privilege.").

**PETITION FOR REVIEW DENIED**.