NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



FEB 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QIAOLI ZHENG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney
General,

Respondent.

No. 12-73436

Agency No. A075-822-495

**MEMORANDUM**[*]

QIAOLI ZHENG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney
General,

Respondent.

No. 13-71958

Agency No. A075-822-495

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 5, 2016

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before:      **WALLACE**, **KOZINSKI** and **O'SCANNLAIN**, Circuit Judges.

**1.** "[T]o obtain judicial reversal of the BIA's determination, [a petitioner] must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483–84 (1992). A withholding-of-removal petition must establish that it is "more likely than not that the alien would be subject to persecution." INS v. Stevic, 467 U.S. 407, 429–30 (1984). The record here doesn't compel a finding that it is more likely than not Zheng would be persecuted if removed to China or that the Chinese government would torture her or acquiesce in her torture. Zheng presented two anecdotal instances of a forced sterilization and a forced abortion. But the record indicates that in most instances violations of China's one-child policy result in financial penalties. Zheng didn't produce evidence showing that any such fees would result in more than a "moderate economic impact." In re J-W-S, 24 I. & N. Dec. 185, 191 (BIA 2007). Thus the Board of Immigration Appeals didn't commit reversible error in denying Zheng's application for withholding of removal.

**2.** A motion to remand is subject to the same requirements as a motion to reopen. Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir. 1987). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). The BIA didn't abuse its discretion in determining that the documents Zheng presented were previously available. Most of these documents predate Zheng's immigration court hearing. The one new document, the 2010 Human Rights Report, doesn't provide any additional, material information that wasn't already reflected in the 2009 Human Rights Report.

**3.** Even if counsel had performed differently and submitted the additional evidence presented by Zheng in her motion to reopen, the additional evidence wouldn't have undermined the BIA's original conclusion. Few pages in these additional documents are related directly to Zheng's case. Only a handful address whether U.S. born children are counted toward the one-child policy. Moreover, even these documents assert that violations of the one-child policy result in fines, and advise sterilization only for the couple that "decide[s] not to give birth to more children." These additional documents fail to show it is more likely than not

Zheng would be forcefully sterilized. Because Zheng can't establish prejudice with this additional evidence, she couldn't have prevailed in her ineffective assistance of counsel claim. See Rojas-Garcia v. Ashcroft, 339 F.3d 814, 826 (9th Cir. 2003). Therefore, the BIA didn't abuse its discretion in denying the motion to reopen.

**DENIED.**