**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJIT SINGH,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   15-72029<br><br>Agency No. A205-421-848<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, IKUTA, Circuit Judge, and MOLLOY,[***] District
Judge.

Ranjit Singh, a native citizen of India and member of the Sikh separatist

political party, Shiromani Akali Dal Amritsar ("Mann Party"), petitions for review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

of a Board of Immigration Appeals ("BIA") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of Singh's claims. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019).

I

We grant the petition for review and remand Singh's asylum, withholding of removal, and CAT claims to the BIA. Our analysis is controlled by *Singh*, which held that the BIA's analysis of a petitioner's ability to safely and reasonably relocate was inadequate because it was not "sufficiently individualized." *Id.* at 659. In that case, the BIA did not apply a nationwide presumption of future persecution before conducting a relocation analysis, and it failed to consider whether the petitioner would be reasonably safe in another part of India if he continued expressing his political views. *Id*. Here, the BIA similarly failed to conduct an individualized relocation analysis. It also failed to consider the safety and reasonableness of relocation if Singh continued expressing his support for the Mann Party and the Khalistani secession movement. Thus, the BIA's "analysis does not account for the persecution [Singh] may face outside Punjab from local authorities, or other actors, based on his future political activities." *Id.* at 661.

2

Because there is no principled distinction to be drawn between this case and *Singh* with respect to the BIA's relocation analysis, we grant the petition for review as to the asylum and withholding of removal claims. In *Singh*, we did not remand the BIA's denial of petitioner's CAT claim because the BIA relied only "in part" on its relocation determination. *Id.* at 663. Here, by contrast, the BIA based its denial of Singh's CAT claim solely on its relocation determination. Accordingly, we also grant the petition for review on petitioner's CAT claim.

II

We deny Singh's petition as to his claim for humanitarian asylum. Even if the government has not rebutted the presumption of a well-founded fear of future persecution, the BIA may grant humanitarian asylum "where the petitioner has suffered 'atrocious forms of persecution.'" *Id.* at 662 (quoting *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004)). Substantial evidence supports the BIA's conclusion that the persecution Singh endured does not rise to the level of atrocious persecution warranting humanitarian asylum. *Id.* (denying humanitarian asylum on substantially similar facts because it did not rise to the level of the "extremely severe persecution" required to warrant humanitarian relief). We lack jurisdiction over Singh's argument that the BIA legally erred in not considering all

3

relevant factors for humanitarian asylum because he did not present this argument to the BIA. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003).

**PETITION GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**

**Each party shall bear its own costs.**