NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUZMAN HERNANDEZ, AKA Allan Antonio Fernandez, AKA Allen Fernandez, AKA Jose Guzman Hernandez, AKA Mario Selada Martinez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-72836 <br><br> Agency No. A077-086-887 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Jose Guzman Hernandez, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and we review de novo due process claims due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Guzman Hernandez's untimely motion to reopen where Guzman Hernandez failed to demonstrate changed country conditions in Honduras to qualify for the regulatory exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Najmabadi v. Holder*, 597 F.3d 987-90 (9th Cir. 2010) (new evidence lacked materiality). We reject Guzman Hernandez's contention that the BIA applied the wrong legal standard in evaluating changed country conditions as unsupported by the record.

The BIA did not err in denying Guzman Hernandez's motion to reopen based on ineffective assistance of counsel where Guzman Hernandez failed to establish that he was prejudiced by the alleged ineffective assistance of his former counsels. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

We lack jurisdiction to consider Guzman Hernandez's contention regarding

18-72836

whether the BIA should have applied a "disfavored group" analysis because he

failed to raise it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78

(9th Cir. 2004) (court lacks jurisdiction to review claims not presented

to the agency).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**