NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPAL SINGH SANDHU,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 17-72635<br><br>Agency No. A077-839-921<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2020[**]
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,[***]
District Judge.

Petitioner Jaspal Singh Sandhu, a native and citizen of India, seeks review of

a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Judge's ("IJ") decision terminating Sandhu's asylum status on account of fraud in his application and ordering him removed. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's grant of a motion to reopen, review for substantial evidence its factual findings, and review de novo questions of law. *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We lack jurisdiction to consider Sandhu's argument that the IJ did not follow the required procedures before reopening the removal proceedings because Sandhu did not exhaust the argument before the agency. *See Szonyi v. Barr*, 942 F.3d 874, 891 (9th Cir. 2019); 8 U.S.C. § 1252(d)(1).

In the reopened proceedings, the IJ did not err in admitting into evidence a report prepared by a DHS investigator detailing his conclusion that Sandhu submitted a fraudulent medical letter in support of his asylum application. "'[T]he sole test for admission of evidence' in immigration proceedings 'is whether the evidence is probative and its admission is fundamentally fair.'" *Go v. Holder*, 640 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003)). Here, the investigator's report is probative as to whether Sandhu's asylum application was premised on fraudulent documentary evidence, and its admission "did not deprive [Sandhu] of a fundamentally fair proceeding" because he "had the opportunity to cross-examine [the investigator], to present

contrary evidence, and to impeach his testimony."[1]  *Id.*

In light of the record evidence, including the investigator's report and testimony, the BIA did not err in determining that DHS had proven by a preponderance of the evidence that there was "a showing of fraud in [Sandhu's] application such that he . . . was not eligible for asylum at the time it was granted." 8 C.F.R. §§ 1208.24(a)(1), (f).

Sandhu finally argues that, having terminated his asylum status, the IJ erred in not advising Sandhu of his "apparent eligibility" for any other form of relief from removal, as required by 8 C.F.R. § 1240.11(a)(2).  We disagree.  An "IJ is not required [under § 1240.11(a)(2)] to advise an alien of possible relief when there is no factual basis for relief in the record."  *United States v. Lopez-Velasquez*, 629 F.3d 894, 900 (9th Cir. 2010) (en banc).  Here, there was no factual basis in the record indicating to the IJ that Sandhu was eligible for adjustment of status, cancellation of removal, or voluntary departure.  There was no evidence that Sandhu was "eligible to receive an immigrant visa," as required for adjustment of status under 8 U.S.C. § 1255(a).[2]  Nor was there evidence that Sandhu had a U.S.-citizen or lawful permanent resident "spouse, parent, or child" who would have

---

[1] Sandhu asserts that the interpreter for the investigator actually wrote the report, but that assertion is contradicted by the record.

[2] Sandhu's brief refers to "an approved I-130 family[-based] petition" that would have established his eligibility for an immigrant visa, but there is no evidence of such a petition in the record.

suffered "exceptional and extremely unusual hardship" as a result of Sandhu's removal, as required for cancellation of removal under 8 U.S.C. § 1229b(b)(1). And Sandhu conceded in his original removal proceedings that he was not eligible for voluntary departure because he was not "physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served" on him. *See* 8 U.S.C. 1229c(b)(1)(A).

The petition for review is **DENIED.**