**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL RUIZ-GUZMAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-72417

Agency No. A210-229-651

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2020<sup>**</sup>
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

Petitioner Daniel Ruiz-Guzman, a native and citizen of Mexico, timely

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from the denial of his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

  <sup>*</sup>  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  <sup>**</sup>  The panel unanimously concludes that this case is suitable for
decision without oral argument. Fed. R. App. P. 34(a)(2).

1. The admission of Irma Garcia's sworn statement was not error. Garcia's statement was "probative," and its admission was "fundamentally fair." Rojas-Garcia v. Ashcroft, 339 F.3d 814, 823 (9th Cir. 2003). Garcia testified that she married Petitioner "as a favor so that he could get a Permanent Resident Card" and that they planned to divorce after Petitioner obtained permanent residence. That statement provided direct evidence that Garcia considered the marriage to be a sham, and it was probative of Ruiz-Guzman's fraudulent intent when entering the marriage. Admitting the statement was fundamentally fair because it was made under oath, Garcia was unavailable to testify, Petitioner had notice that the government intended to offer the statement, and he had the chance to testify that, whatever Garcia's motivations, he sincerely entered the marriage or that her statement was not truthful.

2. Substantial evidence supports the BIA's finding that Petitioner testified falsely about his marriage to Garcia for the purpose of obtaining an immigration benefit, and was therefore statutorily precluded from establishing good moral character. 8 U.S.C. §§ 1101(f)(6), 1229b(b)(1)(B). The record does not compel us to conclude that Ruiz-Guzman testified truthfully. Petitioner's evidence did not rebut Garcia's statement and no "objective evidence" showed that he "intended to establish a life" with Garcia "at the time of their marriage." Nakamoto v. Ashcroft,

363 F.3d 874, 882 (9th Cir. 2004).  Indeed, the available evidence tended to corroborate Garcia's statement.

**PETITION DENIED.**