**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALDO BALTAZAR COREA,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.   18-70217<br><br>Agency No. A077-093-171<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Aldo Baltazar Corea, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings and reissue its prior decision.  We have jurisdiction under

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

reopen and review de novo questions of law.  *Bonilla v. Lynch*, 840 F.3d 575, 581

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016).  We deny the petition for review.

The BIA did not abuse its discretion in denying Corea's motion to reopen and reissue, where he did not show prejudice from any ineffective assistance of counsel.  *See Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) (to prevail on an ineffective assistance of counsel claim, an alien must show he was prejudiced by counsel's performance; prejudice results when performance was so inadequate that it may have affected the outcome of proceedings).  Although Corea contends he was deprived of his ability to petition this court for review of the agency's denial of relief, Corea has not explained how the agency erred in its underlying denial of relief or why he is otherwise eligible for relief.  *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (failure to timely file an appeal due to ineffective assistance of counsel creates a rebuttable presumption of prejudice, but the alien must still show plausible grounds for relief).

Because the prejudice determination is dispositive, we do not address Corea's contentions that his former counsel's performance was deficient.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agency are not required to decide issues unnecessary to the results they reach).

Corea has not identified any legal error underlying the BIA's denial of sua sponte reopening.  *See Bonilla*, 840 F.3d at 588 (court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the

reasoning behind the decision for legal or constitutional error).  Because Corea has not shown the BIA's ineffective assistance determination is flawed, he also has not shown the BIA's denial of sua sponte reopening, based on the same claim, is based on a flawed legal premise.

We do not address Corea's contentions regarding equitable tolling of the filing deadline, where the BIA addressed the merits of his motion.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**