**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAHADAR RAM LAKHA,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    19-71830

Agency No. A029-904-467

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Bahadar Ram Lakha, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen and review de novo questions

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Lakha's fifth untimely motion to reopen removal proceedings because Lakha failed to establish that he qualified for an exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (petitioner failed to establish a prima facie case for eligibility, where underlying adverse credibility determination rendered evidence of changed circumstances immaterial). We reject as unsupported by the record Lakha's contention that the BIA ignored evidence or otherwise erred in its analysis of his claim.

The BIA did not abuse its discretion in denying Lakha's motion to reopen based on ineffective assistance of counsel where he failed to establish prejudice from the allegedly deficient performance of his former attorneys. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (petitioner failed to establish prejudice where he presented no plausible grounds for relief).

The BIA did not abuse its discretion in denying Lakha's motion to reopen and terminate proceedings, where Lakha's contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*,

19-71830

958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from a notice to appear can be cured for jurisdictional purposes by later hearing notice).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED.**