**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO REGALADO ZAVALA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 16-73794 <br> 17-71776 <br><br> Agency No. A041-861-417 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

In these consolidated petitions for review, Jose Antonio Regalado Zavala, a

native and citizen of Mexico, seeks review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's decision denying

his application for cancellation of removal (petition No. 16-73794), and the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying his motion to reopen (petition No. 17-71776). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). In petition 16-73794, we dismiss the petition for review. In petition 17-71776, we deny the petition for review.

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). Regalado Zavala's challenge to the agency's adverse credibility determination does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). Thus, we dismiss petition 16-73794.

The BIA did not abuse its discretion in denying petitioner's motion to reopen based on ineffective assistance of counsel where petitioner failed to show prejudice from the performance of former counsel. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (petitioner failed to establish prejudice where he presented no plausible grounds for relief). Regalado Zavala's contention that he is eligible for asylum and withholding of removal based on an imputed political

opinion is not properly before the court because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113-14 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule). Thus, we deny petition 17-71776.

The temporary stay of removal remains in place until the mandate issues.

**NO. 16-73794: PETITION FOR REVIEW DISMISSED.**

**NO. 17-71776: PETITION FOR REVIEW DENIED.**