NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL MENDIOLA-CUELLAR, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 21-583 Agency No. A200-247-164 MEMORANDUM* |

| | |
|---|---|
| ISMAEL MENDIOLA-CUELLAR, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-2027 Agency No. A200-247-164 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.***

Petitioner Ismael Mendiola-Cuellar, a native and citizen of Mexico, seeks review of two orders of the Board of Immigration Appeals ("BIA"), each denying an untimely motion to reopen removal proceedings filed by Petitioner. We have jurisdiction in part under 8 U.S.C. § 1252. *See Li v. Bondi*, 139 F.4th 1113, 1119–20 (9th Cir. 2025). We deny the petition in part and dismiss it in part.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)).

1. Petitioner filed his first motion to reopen asserting ineffective assistance of counsel for failure to file an opening brief before the BIA. The BIA did not abuse its discretion in holding Petitioner did not qualify for equitable tolling of the motion deadline. Even assuming that Petitioner substantially complied with the procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), or that the ineffective assistance was plain on the face of the record, Petitioner is not entitled to relief because he has failed to demonstrate prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824–26 (9th Cir. 2003). In both his

*** The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

2

motion to reopen before the BIA and his appellate briefing before us, Petitioner has made no arguments as to why the Immigration Judge erred in denying Petitioner's applications for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. *See id.* at 826–28 (requiring a petitioner to show "plausible grounds for relief" (quoting *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1046 (9th Cir. 2000))). For the same reason, the BIA committed no error in declining to exercise its *sua sponte* authority to reopen the proceedings on ineffective assistance grounds.

2. Petitioner filed his second motion to reopen seeking to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1) based on the diagnosis of two U.S. citizen sons with autism spectrum disorder. The BIA did not err in denying this second motion as both time- and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R § 1003.2(c)(2). We lack jurisdiction to review the BIA's discretionary denial of *sua sponte* reopening because Petitioner has identified no legal or constitutional error in the BIA's decision. *See Bonilla*, 840 F.3d at 587–88.

**PETITION DENIED in part and DISMISSED in part.**[1]

---

[1] The stay of removal remains in place until the mandate issues.