NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EDWIN ALEXANDER AGUILAR REYES, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1089 <br><br> Agency No. A094-452-195 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2025[**]
Pasadena, California

Before: BERZON, HIGGINSON, and SUNG, Circuit Judges.[***]

Petitioner Edwin Alexander Aguilar Reyes, a native and citizen of El

Salvador, seeks review of an order of the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

denying his timely motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, *see Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1098 (9th Cir. 2025), and deny the petition.

Petitioner contends his prior counsel's failure to submit documentary evidence supporting the hardship requirement for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D) constituted ineffective assistance of counsel. In particular, Petitioner argues the submission of Individualized Education Program ("IEP") documents for his two U.S. citizen children would have led the Immigration Judge ("IJ") to grant Petitioner's cancellation of removal application. The BIA denied Petitioner's motion to reopen on the ground that Petitioner failed to demonstrate prejudice from this omission.

Whether we review the BIA's decision for abuse of discretion or substantial evidence, the BIA did not err under either "deferential" standard of review. *See Wilkinson v. Garland*, 601 U.S. 209, 222, 225 (2024) (explaining the standard of review for the hardship determination in cancellation cases is "deferential"); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025) (applying substantial evidence review to the hardship determination in cancellation cases); *Magana-Magana v. Bondi*, 129 F.4th 557, 572 (9th Cir. 2025) (applying abuse of discretion review to the BIA's denial of a motion to reopen based on petitioner's failure to demonstrate "extraordinary circumstances"); *see also Gonzalez-Juarez*,

137 F.4th at 1005 (noting "there is little practical difference between the abuse of discretion standard . . . and the substantial evidence standard").

In both his motion to reopen before the BIA and his appellate briefing before us, Petitioner made no specific arguments as to how the IEP documents show that his absence would cause "exceptional and extremely unusual hardship" to his children even though the evidence before the agency earlier did not. While the IJ did not have the contents of the IEP documents before her, the IJ did recognize the "delayed learning problems" Petitioner's children faced. The IEP documents verify those problems but do not add any information as to the impact of Petitioner's absence on the children. As to that impact, the IJ specifically considered the children's doctor visits for the learning delays as well as Petitioner's assistance with his children's homework. *See* 8 U.S.C. § 1229b(b)(1)(D). Thus, the BIA did not err in concluding Petitioner failed to demonstrate that the absence of the IEP documents was prejudicial as to the cancellation relief. Absent prejudice, Petitioner cannot succeed on the ineffective assistance claim. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003).

**PETITION DENIED.**[1]

---

[1] The motion for a stay of removal, Dkt. 3, is denied as moot. The temporary stay of removal remains in place until the mandate issues.