NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DEL CARMEN ARROYO-OCAMPO; OSVALDO HERNANDEZ-ARROYO,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4877<br><br>Agency Nos.<br>A246-754-006<br>A246-754-010<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 18, 2025[**]
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable G. Murray Snow, United States District Judge for the
District of Arizona, sitting by designation.

Maria Del Carmen Arroyo-Ocampo and her minor child[1] petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioner's applications were based on telephone calls she and her husband received at their home in a small town in Mexico. The calls were from men claiming to be members of the Guerreros Unidos ("GU") cartel and threatening to kill Petitioner and her family absent a willingness to make unspecified payments. We have jurisdiction under 8 U.S.C. § 1252.

1.      As to her CAT claim, Arroyo-Ocampo failed to exhaust the claim because she did not meaningfully challenge the IJ's denial of it before the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will . . . be deemed to have exhausted only those issues [she] raised and argued in [her] brief before the BIA."). In her brief before the BIA, Arroyo-Ocampo offered no argument challenging the IJ's denial of her CAT protection claim beyond stating that "the IJ failed to address the complete definition of 'torture' and undertook only a selective and incomplete review of the Respondents' claims by minimizing the persecution they were subjected to and overlooking how that persecution escalated

---

[1] Arroyo-Ocampo and her minor child filed the same application for relief. Thus, for the purposes of this memorandum, we refer to Arroyo-Ocampo as the sole petitioner.

from extortion to threats of kidnapping." This conclusory statement neither discusses the "particular details" Arroyo-Ocampo contests nor provides "supporting authority" for her assertion that the IJ failed to use the complete definition of torture. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820 (9th Cir. 2003) ("Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.").

2.      As to Arroyo-Ocampo's application for asylum and withholding of removal claims, Arroyo-Ocampo failed to exhaust any argument as to the IJ's dispositive determination that she had not met her burden to show the Mexican government would be unable or unwilling to protect her from persecution by private parties, as she did not put the BIA on notice of her challenging that finding. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (internal quotation omitted) (Petitioner must "put the BIA on notice of what was being challenged . . . [and] do more than make a general challenge to the IJ's decision."). In her brief before the BIA, Arroyo-Ocampo raised no argument related to this determination aside from the single statement that she had "personal knowledge of the police reputation for non-interference with cartel activities." This single sentence did not sufficiently develop her argument. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (finding petitioner forfeited an issue when he raised it "only in a single sentence, and without coherently developing the argument" (cleaned up)).

**PETITION DENIED.**