NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JULIO DURAN-CUELLER; et al.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 24-5187<br><br>Agency Nos.<br>A220-794-077<br>A220-794-076<br>A220-794-075<br><br>MEMORANDUM\* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026\*\*

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Julio Duran-Cueller, and his family, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, and we review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying petitioners' motion to reopen based on ineffective assistance of counsel where petitioners failed to show prejudice from the performance of former counsel. *See id*. at 793-94 (prejudice shown where counsel's performance was so inadequate it may have affected the outcome); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826-27 (9th Cir. 2003) (presumption of prejudice rebutted where petitioner had no plausible claim for relief); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("[P]rejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation.").

Petitioners do not challenge the BIA's denial of their motion to reconsider or their request for sua sponte reopening, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**